FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERONICA T., | No. 1:23-CV-03168-JAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |
| v. | |
| LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 14. Attorney D. James Tree represents Veronica T. (Plaintiff); Special Assistant United States Michael J. Mullin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 5.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed an application for benefits on April 7, 2017, later alleging disability since April 7, 2017.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on November 20, 2019, and issued an unfavorable decision on December 24, 2019.  This Court subsequently remanded the matter on March 22, 2022.  ALJ C. Howard Prinsloo held a second hearing on June 15, 2023, and issued an unfavorable decision on August 9, 2023.  Tr. 1498-1515.  Plaintiff appealed this final decision of the Commissioner on October 25, 2023.  ECF No. 1.

## II.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.    ADMINISTRATIVE FINDINGS

On August 9, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1498-1515.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 7, 2017, the amended alleged onset date. Tr. 1502.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: obesity, bilateral carpal tunnel syndrome, radial styloid tenosynovitis, lumbar spine degenerative disc disease, depressive disorder, and pain disorder with related psychological factors. Tr. 1502.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 1503

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations:

> [T]he claimant can frequently climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and never crawl. The claimant can frequently handle and finger bilaterally. She should avoid concentrated exposure to respiratory irritants or hazards as defined in the Select Characteristics of Occupations. The claimant is capable of understanding, remembering, and performing perform simple, routine tasks. The claimant is able to have occasional superficial contact with the public and coworkers, but with no collaborative tasks.

Tr. 1505.

At *step four*, the ALJ found Plaintiff could perform past relevant work as a housekeeping cleaner. Tr. 1513.

Alternatively, at *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform, to include electric accessory assembler, marker, and small parts assembler. Tr. 1514

The ALJ thus concluded Plaintiff was not disabled from the amended alleged onset date through the date of the decision. Tr. 1515.

## V.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; and (B) whether the ALJ erred by discounting Plaintiff's testimony.  ECF No. 10 at 2.

## VI.   DISCUSSION

A.   **Medical Evidence.**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ misevaluated four sets of medical opinions.  ECF No. 10 at 15-21.  The Court discusses the ALJ's treatment of each in turn.

1.   ***Emma Billings, Ph.D.***

The ALJ noted that Dr. Billings, who performed a psychological evaluation of Plaintiff, opined that Plaintiff "had difficulty understanding directions and appeared distracted and inattentive at times during her psychological assessment."  Tr. 1510.  The ALJ found the opinion "generally persuasive," and stated that "these opined limitations were incorporated into the claimant's mental residual functional capacity."  Tr. 1510.  However, as Plaintiff correctly argues, *see* ECF No. 10 at 17, the ALJ's RFC formulation did not incorporate these opined limitations.  *Compare* Tr. 1510, *with* Tr. 1505.  Further, these opined limitations appear inconsistent with the ALJ's finding that Plaintiff is "capable of

understanding [and] remembering … simple, routine tasks." Tr. 1505.  The ALJ thus erred by failing to incorporate these opined – and accepted – limitations into the RFC formulation.  *Cf.* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

### 2. *Lauren Hohman, PA-C (2019).*

PA-C Hohman, one of Plaintiff's treating providers, opined on March 26, 2019, among other things, that Plaintiff was limited to sedentary work and would miss at least four days of work per month if attempting to work a 40-hour workweek.  Tr. 1184.  The ALJ found the opinion "non-persuasive."  Tr. 1511.

The ALJ discounted PA-C Hohman's opinion as "inconsistent with the record overall," for two reasons.  Tr. 1511.  Neither is legally sound.  First, the ALJ noted Plaintiff had a gap in treatment for a year prior to this opinion. … During this treatment gap, she admitted that she worked as a housekeeping cleaner."  Tr. 1511.  However, this Court previously concluded that "[t]hough [Plaintiff] attempted to work, the record indicates she was unable to maintain her position due to absences," and noted that "[a]ttempting to work and having a desire to work are not the same as being actually capable of working on a regular and consistent basis."  Tr. 1680.  The Court's review of this already-rejected rationale is therefore precluded by the doctrine of the law of the case.  *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

Second, the ALJ discounted the opinion based on PA-C Hohman's assessment that Plaintiff "should be able to work if she had a carpal tunnel surgery, which the claimant subsequently underwent."  Tr. 1511.  Again, this rationale conflicts with this Court's previous decision:  the Court previously concluded that "there is no indication that [Plaintiff's] status ever reached or exceeded her pre-surgery abilities."  Tr. 1680; *see also* Tr. 1679 (concluding ALJ's assessment that

ORDER GRANTING PLAINTIFF'S MOTION . . . 6

Plaintiff's surgery improved her symptoms is "not supported by the record"). The Court's review of this already-rejected rationale is therefore precluded by the doctrine of the law of the case. *See Stacy*, 825 F.3d at 567.

The ALJ thus erred by discounting PA-C Hohman's 2019 opinion.

3.   *Lauren Hohman, PA-C (2022).*

On June 27, 2022, and August 8, 2022, PA-C Hohman again opined Plaintiff was limited to sedentary work. Tr. 1875, 1878. The ALJ rejected these opinions. Tr. 1512. The ALJ first discounted the opinions as "inconsistent with the overall record[.]" Tr. 1512. As an initial matter, an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")). Further, an ALJ's rejection of a clinician's opinion on the ground that it is contrary to unelaborated evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The reviewing court need not comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ thus erred by discounting the opinions on this ground.

The ALJ next discounted the opinions on the ground they did not "address the claimant's repeated pattern of no-shows, medication non-compliance, and non-

adherence to treatment recommendations." Tr. 1512.  Substantial evidence does not support this ground, as the record makes clear Plaintiff was in active treatment, underwent testing, and sought out referrals.  *See, e.g.*, Tr. 2223-25, 2230-35, 2247.

Finally, the ALJ discounted the opinions as failing to "address the claimant's treatment gaps and her attempts to return to work during these treatment gaps." Tr. 1512.  As discussed above, on this record, these are not valid grounds to discount the clinician's opinion.

The ALJ accordingly erred by discounting PA-C Hohman's 2022 opinions.

### 4.     *Sarah Singer, PT.*

PT Singer, one of Plaintiff's treating clinicians, opined on June 27, 2019, among other things, that Plaintiff was limited to sedentary or less-than-sedentary work and would miss four days of work per month if attempting to work a 40-hour workweek.  Tr. 1489.  The ALJ found the opinion "non-persuasive." Tr. 1512.

The ALJ discounted the opinion on the ground "that the totality of the evidence, including the claimant's treatment gaps coinciding with her work attempts, pattern of treatment noncompliance and complaints of recurring pain after admitting to her treatment noncompliance, indicate that a less restrictive degree of limitation is warranted." Tr. 1512.  For the reasons discussed above, on this record, these are not valid grounds to discount the clinician's opinion.

### B.     **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted her testimony.  ECF No. 10 at 3-16.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The Court

concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's course of, response to, and consistency of treatment. Tr. 1507-09. However, because the ALJ erred in evaluating four sets of medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's migraine headaches allegations as inconsistent with her activities, noting that "she was able to do homework with her four kids, take care of her pets, and manage the SSI benefits for the three older children who qualified for SSI due to ADHD." Tr. 1509. This finding fails for two reasons. First, Plaintiff "can both do nothing when [s]he has severe headaches and engage in [her] daily activities when [s]he does not." *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024). Second, Plaintiff's minimal activities are neither inconsistent with nor a valid reason to discount her allegations. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in

ORDER GRANTING PLAINTIFF'S MOTION . . . 9

the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.  CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be developed and reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Nevertheless, mindful that Plaintiff first filed her application in 2017, the Court imposes the following time limits on subsequent proceedings: The ALJ must complete further proceedings within 180 days and, if the ALJ finds Plaintiff not disabled and Plaintiff appeals, the Commissioner's final decision shall be rendered within 90 days of the appeal. *See Butts v. Barnhart*, 416 F.3d 101, 103-06 (2d Cir. 2005) (imposing 120-day limit for proceedings before the ALJ and a 60-day limit for administrative appeal); *Baldree v. Colvin*, 2015 WL 5568611, at *5 (C.D. Cal. Sept. 21, 2015) (collecting cases recognizing the authority to impose

time limits); *see also* HALLEX 1-2-1-55.D.2 (articulating agency procedures following a time-limited court remand).

On remand, the ALJ shall develop the record; reevaluate the medical opinions discussed herein; reassess Plaintiff's testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10,** is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 14**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE